[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:11-cr-00146-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRINGTON GEORGE GILLINGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Barrington George Gillings, a previously deported alien, was convicted on a

plea of guilty to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), and

sentenced to a prison term of 46 months, a term at the low end of the sentence range prescribed by the Sentencing Guidelines. He appeals his sentence, raising one issue: whether the sentence is procedurally or substantively unreasonable. We affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We will set aside a sentence if left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

A sentence is procedurally reasonable if the district court properly calculated the Guidelines sentence range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. We find no procedural error in this case. The district court allowed both parties to present arguments as to the appropriate sentence. The court stated for the record that it had considered the § 3553(a) factors, the

presentence investigation report, and Gillings's arguments, including Gillings's argument made in support of a downward variance—that he would be in danger if imprisoned. The court considered that argument in fashioning Gillings's sentence, as evidence by its notice to the Bureau of Prisons. As for the § 3553(a) factors, although the court did not address the factors individually and explicitly on the record, its explanation for the sentence imposed indicates that it took the factors appropriately into account.

A sentence is substantively reasonable if it is "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). To impose a sentence that is substantively reasonable, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines sentence range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Given the record before the district court, we conclude that Gillings's sentence is substantively reasonable. It was within the Guidelines sentence range, and, considering Gillings's extensive criminal history and his prior deportation, a sentence within that  range was needed to promote respect for the law, provide just punishment, and deter him from further criminal activity.

AFFIRMED.